UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RICARDO CASTILLO, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>      v.<br><br>ADT LLC and DOES 1-100, inclusive,<br><br>                Defendants. | CIV. NO. 2:15-383 WBS DAD<br><br>ORDER |

----oo0oo----

            Plaintiff Ricardo Castillo brought this action against

defendant ADT LLC ("ADT") on behalf of similarly situated

employees alleging failure to pay overtime, to provide accurate

itemized wage statements, and to reimburse employees for work-

related expenses in violation of California labor law.  (See

Compl. (Docket No. 1).)  Defendant filed this motion to dismiss

or stay the action, upon the ground that the present action is

1

1   "substantially duplicative" of an earlier filed related action,

2   Garnett v. ADT LLC, Civ. No. 2:14-2851 WBS DAD (E.D. Cal. filed

3   Dec. 5, 2014) ("Garnett"). (Def.'s Mem. at 1:2-3 (Docket No. 21-

4   2)); see Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688

5   (9th Cir. 2007) (citations omitted), overruled on other grounds

6   by Taylor v. Sturgell, 553 U.S. 880, 904 (2008) ("[T]he district

7   court may exercise its discretion to dismiss a duplicative later-

8   filed action, to stay that action pending resolution of the

9   previously filed action, to enjoin the parties from proceeding

10  with it, or to consolidate both actions.").

11       At the hearing, defendant appeared to shift positions

12  to request only an extension of time to respond to pending

13  interrogatories, in order to allow for sufficient time to prepare

14  for a mediation in the Garnett action set for August 13, 2015.

15  The court finds this request reasonable and sees no reason why an

16  extension would prejudice plaintiff.  The court will therefore

17  grant defendant a thirty-day extension of time to respond to the

18  pending interrogatories.  The parties stated they would stipulate

19  to modifying the scheduling order accordingly.

20       Beyond that request, the court finds no basis for

21  granting defendant's motion for a dismissal or stay.  Outright

22  dismissal of the present action is inappropriate because the

23  named plaintiff brings additional claims not asserted in Garnett.

24  Neither is a stay warranted, because the allegedly overlapping

25  wage-statement and reimbursement claims in Garnett and Castillo

26  involve different factual allegations and therefore do not arise

27  from the same transactional nucleus of fact and cannot be

28  "duplicative."  See Adams, 487 F.3d at 689 (noting that the most

2

1  important consideration is whether the two suits arise from the

2  same transactional nucleus of fact); see, e.g., Padilla v.

3  Nevada, Civ. No. 3:07-00442 RAM, 2009 WL 656288, at *4 (D. Nev.

4  Mar. 11, 2009) (holding that two allegedly duplicative actions

5  are "factually distinct" and do not warrant dismissal because the

6  later-filed action "challenges an additional set of sanctions"

7  imposed on plaintiff, an inmate, and relies on a "broader set of

8  facts" than the earlier action).

9        IT IS THEREFORE ORDERED that defendant's motion to

10 dismiss or stay be, and the same hereby is, DENIED.

11       IT IS FURTHER ORDERED that defendant shall have an

12 additional thirty days to respond to pending interrogatories.

13 Parties may submit a stipulation for the court's approval to

14 modify the scheduling order accordingly.

15 Dated:  July 28, 2015

16

17                      WILLIAM B. SHUBB
                        UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28